UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :
                            Plaintiff,  :
                                        :      **DECISION AND ORDER**
              v.                        :      09-CV-14S
                                        :
GEN-SEE CAPITAL CORPORATION a/k/a       :
GEN UNLIMITED and RICHARD S. PICCOLI    :
                                        :
                            Defendants. :
_____ :

Presently before this Court is Plaintiff Securities and Exchange Commission's (the "Commission") Motion for an *Ex Parte* Order to Show Cause and Temporary Restraining Order against Defendants, filed on January 8, 2009.

In connection with this motion, this Court has considered the following documents filed by the Commission: (1) the Complaint, dated January 7, 2009; (2) the Declaration of Kurt Hammer, executed on January 6, 2009, and the exhibits thereto; (3) the Declaration of Charles O. LeRoux, executed on January 7, 2009, and the exhibits thereto; and (4) Plaintiff's Memorandum of Law in Support of Its Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Asset Freeze and Other Relief, dated January 7, 2009.

Ordinarily, a party seeking injunctive relief must demonstrate "(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of

hardships tipping decidedly toward the party seeking injunctive relief." N.A.A.C.P., Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir. 1995) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991)); see also SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc., 211 F.3d 21, 24 (2d Cir. 2000).

But the Commission, because it is charged with safeguarding the public interest through enforcement of the securities laws, is not required to meet this standard. See SEC v. Cavanagh, 155 F.3d 129, (2d Cir. 1998); SEC v. Dorozhko, 07 Civ. 9606, 2008 WL 126612, at *5 (S.D.N.Y. Jan. 8, 2008) (quoting SEC v. Management Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975)). Rather, the SEC is entitled to temporary or preliminary injunctive relief upon "a substantial showing of likelihood of success as to both a current violation and the risk of repetition." Cavanagh, 155 F.3d at 132 (citing SEC v. Unifund SAL, 910 F.2d 1028, 1039-40 (2d Cir. 1990).

Based on this Court's review of the submissions, it finds that the Commission has met its burden of establishing the likelihood of both current and future violations of the securities laws. According to the Commission's allegations and evidence collected thus far, Defendants appear to be defrauding investors through a Ponzi scheme.

Defendant Piccoli is the President of Defendant Gen-See Capital, a New York corporation. (Hammer Decl., ¶¶ 4, 5.) Gen-See and Piccoli are not registered with the Commission in any capacity, and neither Gen-See nor Piccoli have ever registered any class of securities or offerings or sales of securities with the Commission. (LeRoux Decl., ¶¶ 15, 16.)

Investigation by Postal Inspector Kurt Hammer has revealed evidence that Piccoli advertises his investment services through publications directed to members of

the Catholic church and to senior citizens.  (Hammer Decl., ¶¶ 6, 10, 13, 16, 28, 29.) Hammer, posing as an individual interested in investment options for his 87-year-old mother, spoke to Piccoli and learned that (1) Piccoli professed to be in the "discount residential mortgage business" for thirty-three years and to have "never lost a dime for a client," (2) Piccoli purportedly invests in "seasoned mortgages," which Piccoli described as "mortgages 5 and 6% and [ ] 7 8 9 years left on [them]," (3) Piccoli promises 7.1% to 8.3% annual returns "guaranteed for the entire term of your certificate" with no fees or commissions, and (4) that Piccoli targets priests, senior citizens, and members of the Catholic religion throughout the country.  (Hammer Decl., ¶¶ 6–20.)

Piccoli provided Hammer with various documents, including a sample certificate investors receive from Gen-See, a list of references, documents describing two investment options, a new account application, and a solicitation letter.  (Hammer Decl., Exhibit D.)  Piccoli explained to Hammer that his investment strategy is to purchase safe "discount residential mortgages" that have less than 10 years of repayment left.  (Hammer Decl., ¶ 26.)  Piccoli represented that this strategy is unaffected by economic downturns because "we own the mortgages."  (Hammer Decl., ¶ 27.)

Further investigation by the Commission, however, reveals no evidence that either Piccoli or Gen-See have purchased or acquired residential mortgages.  (LeRoux Decl., ¶ 12.)  Three corporate bank accounts holding approximately $4.1 million appear to hold investor funds.  According to Charles O. LeRoux, a staff accountant with the Commission, analysis of these accounts held by Gen-See and controlled by Piccoli reveals only deposits from investors and payments to investors.  (LeRoux Decl., ¶ 7.) There is allegedly no activity consistent with Piccoli's claim to be purchasing residential

mortgages with investors' funds as promised.  For example, there is no evidence of (1) payments to banks or other parties to purchase mortgages; (2) payments to lawyers, accountants or other professionals; or (3) payment to companies for due diligence work or post-acquisition servicing of the mortgages.  (LeRoux Decl., ¶ 12.)  Moreover, there is no public information demonstrating that Gen-See or Piccoli have acquired residential mortgages.  (LeRoux Decl., ¶¶ 13, 14.)

This evidence demonstrates a strong likelihood that Defendants have run and are running a Ponzi scheme.  It appears that Defendants are falsely representing to investors that they are purchasing residential mortgages as safe investments unaffected by the economy.  Analysis of Defendants' bank accounts and public records reveals that no such mortgages have been purchased.  Rather, the evidence thus far reveals that new investor funds are deposited into the corporate bank accounts and used to pay returns to older investors.  This activity is ongoing, and thus the securities laws will continue to be violated.

In this Court's view, the Commission has made a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act for the relief granted herein, and this Court finds as follows:

1.    It appears from the evidence presented that Defendants Gen-See and Richard S. Piccoli have violated, and, unless temporarily restrained, will continue to violate, Sections 5(a) and 5(c)) of the Securities Act, as charged in the Complaint; and Defendants Gen-See and Richard S. Piccoli have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint.

2.      It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3.      It appears that the Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.

4.      It appears that the Defendants may attempt to destroy, alter or conceal documents.

5.      This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

### I. ORDERS

**IT IS HEREBY ORDERED,** that counsel for Plaintiff, counsel for Defendants, and Defendants appear for a status conference before this Court on **January 13, 2009**, at **9:00 a.m.** in Part IV of the United States Courthouse, 68 Court Street, Buffalo, NY 14202, to discuss and schedule a date on which Defendants shall appear and show cause why this Court should not enter a Preliminary Injunction Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rules of Civil Procedure 7.1(d) and 65, Section 20 of the Securities Act, and Section 21 of the Exchange Act, as requested by the Commission and as detailed in its Application.

## II. TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED,** that the Commission's Motion for a Temporary Restraining Order (Docket No. 2) is GRANTED.

**IT IS FURTHER ORDERED,** that pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants Gen-See and Richard S. Piccoli and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails to offer or sell securities through the use or medium of a prospectus or otherwise when no registration statement has been filed or is in effect as to such securities and when no exemption from registration is available, in violation of Sections 5(a) and 5(c)) of the Securities Act.

**IT IS FURTHER ORDERED,** that pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants Gen-See and Richard S. Piccoli, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly,

singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

      (a)    employing any device, scheme, or artifice to defraud;

      (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

      (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5.

**IT IS FURTHER ORDERED,** that pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendants (the "Affiliated

Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Institution | Account Number | Name of Account Holder |
| --- | --- | --- |
| M&T Bank | 9845600205 | Gen-See Capital Corporation |
| M&T Bank | 9844786609 | Gen-See Capital Corporation |
| M&T Bank | 8890736443 | Gen-See Capital Corporation |
| M&T Bank | 6496558 | Gen-See Capital Corporation |
| M&T Bank | 000000016979098 | Richard S. Piccoli |
| M&T Bank | 000000011475712 | Richard S. Piccoli |
| M&T Bank | 120 444 1171869 6001 | Richard S. Piccoli |
| Banc of America Investment Services, Inc. | J26-293873 | Richard S. Piccoli |
| Bank of America, N.A. | 0094 2264 9166 | Richard S. Piccoli |
| Key Bank | 327330080414 | Gen Unlimited |

**IT IS FURTHER ORDERED,** that pending the above-scheduled status conference and a hearing and determination of the Commission's Motion for Preliminary Injunction, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors, and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' finances or business operations, or the offer, purchase or sale of securities by Richard S. Piccoli, Gen-See and Affiliated Entities, and the use of proceeds therefrom.

**IT IS FURTHER ORDERED,** that no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets of Defendants.

**IT IS FURTHER ORDERED,** that a copy of this Decision and Order and the papers supporting the Commission's Application be served upon the Defendants on or before Friday, January 9, 2009, at 5:00 p.m. by personal delivery, facsimile, overnight courier, or first-class mail.

**IT IS FURTHER ORDERED,** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

       /s/William M. Skretny
      WILLIAM M. SKRETNY
  UNITED STATES DISTRICT JUDGE

Issued:      4:56 p.m.
              January 8, 2009
              Buffalo, New York