UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      -against-                      09-CV-14S

GEN-SEE CAPITAL CORPORATION a/k/a
GEN UNLIMITED and RICHARD S. PICCOLI

                Defendants.

---

## CONSENT ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER INTERIM RELIEF

**WHEREAS**, on January 8, 2009, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action against defendants Gen-See Capital Corporation a/k/a Gen Unlimited and Richard S. Piccoli (collectively, "Defendants") by filing a complaint;

**WHEREAS**, on January 8, 2009, the Commission filed a Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief, seeking, among other things, an order:

(a) preliminarily enjoining the Defendants from violating (I) Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §§ 77e(a) and 77e(c)]; (ii) Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; and (iii) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

(b) freezing the assets of Defendants; and

1

    (c)    prohibiting Defendants from destroying, altering, or concealing documents;

**WHEREAS,** on January 8, 2009, at 4:56 p.m., the Court entered a Decision and Order stating that, among other things, "[b]ased on this Court's review of the submissions, it finds that the Commission has met its burden of establishing the likelihood of both current and future violations of the securities laws. According to the Commission's allegations and evidence collected this far, Defendants appear to be defrauding investors though a Ponzi scheme"; accordingly, the Court granted the Commission's *ex parte* motion for a temporary restraining order;

**WHEREAS,** the Defendants have been served with the Summons and the Complaint filed by the Commission on January 8, 2009; the Declaration of Kurt Hammer, executed on January 6, 2009, and the exhibits thereto; the Declaration of Charles O. LeRoux, executed on January 7, 2009, and the exhibits thereto; the Notice of Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief, filed January 8, 2009; and the Memorandum of Law in Support of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, Expedited Hearing and Other Relief, dated January 8, 2009;

**WHEREAS**, this Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District; and

**WHEREAS,** the Court conducted a status conference on January 13, 2009, attended by counsel for the Commission and counsel for Defendants; and

**WHEREAS,** the parties have conferred and have agreed to the entry of this Consent Order Granting Preliminary Injunction and Other Interim Relief (the "Consent Order").

    **NOW**, **THEREFORE,**

**IT IS ORDERED** that the Commission's Motion for a Preliminary Injunction (Docket No. 2) is GRANTED.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Gen-See Capital Corporation a/k/a Gen Unlimited and Richard S. Piccoli, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, are hereby preliminarily enjoined and restrained from selling any securities whatsoever and from violating the securities laws, directly or indirectly, including but not limited to, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)]; Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Exchange Act, [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] .

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with any of them who receive actual notice of this Consent Order by personal service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action, or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, or associated or affiliated with Defendants (the "Affiliated Entities"), whether held in any of, their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within

the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to, all assets, funds, or other properties held in the following accounts or policies:

| Institution | Account or Policy Number (where available) | Name of Account Holder |
|---|---|---|
| M&T Bank | 9845600205 | Gen-See Capital Corporation |
| M&T Bank | 9844786609 | Gen-See Capital Corporation |
| M&T Bank | 8890736443 | Gen-See Capital Corporation |
| M&T Bank | 6496558 | Gen-See Capital Corporation |
| M&T Bank | 000000016979098 | Richard S. Piccoli |
| M&T Bank | 000000011475712 | Richard S. Piccoli |
| M&T Bank | 120 444 1171869 6001 | Richard S. Piccoli |
| Bank of America, N.A. | 0094 2264 9166 | Richard S. Piccoli |
| Key Bank | 327330080414 | Gen Unlimited |
| Financial Trust Federal Credit Union | Acct # 80016210 | Richard S. Piccoli |
| SBLI USA Mutual Life Insurance Co. Inc. | 470019263 | Richard S. Piccoli |
| BNY Mellon Shareholder Services (as transfer agent for listed companies) | 124809794746 (Rockwell Automation), 125162499266 (ArvinMeritor), 124809794746 (Chevron Corp, Conexant Systems Inc, Mindspread Technologies), 125279627012 (Consolidated Edison) | Richard S. Piccoli / Piccoli Family Trust |
| Northwestern Mutual | 10276925 | Richard S. Piccoli |

| Institution | Account or Policy Number (where available) | Name of Account Holder |
|---|---|---|
| Knights of Columbus | 0100L54856 | Richard S. Piccoli |
| Knights of Columbus | 00Z01144 | Richard S. Piccoli |
| Knights of Columbus | 00C54307 | Richard S. Piccoli |
| Knights of Columbus | 00W19343 | Richard S. Piccoli |
| Knights of Columbus | Benefit Certificate T56378 | Richard S. Piccoli |
| Knights of Columbus | Benefit Certificate Z1144 | Richard S. Piccoli |
| Knights of Columbus | Benefit Certificate C54307 | Richard S. Piccoli |
| Knights of Columbus | Benefit Certificate W19343 | Richard S. Piccoli |
| Knights of Columbus | Contract No. 01037699 | Richard S. Piccoli |
| Bank of America | 0094 2264 9166 | Richard S. Piccoli |
| Banc of America Investment Services Inc. | J26-293873, J 26-308323  150-04747, 150-33595 | Richard S. Piccoli |
| Citizens Bank | 400318-597-7 | Richard S. Piccoli |
| Fidelity NFS | J26-293873 | Richard S. Piccoli |
| Morgan Stanley | N/A | Richard S. Piccoli |
| Suntrust Bank c/o Computershare Transfer Agent | C0000561886  49075 | Richard S. Piccoli / Piccoli Family Trust |
| Skyworks Solutions Inc. c/o American Stock Transfer and Trust Company | 6000033912  6000033911 | Richard S. Piccoli / Piccoli Family Trust |
| Rockwell Collins (Shareholder Services direct purchase plan) | 402154606, 3809035404 | Richard S. Piccoli / Piccoli Family Trust |
| Wachovia Bank | 1090013126003 | Richard S. Piccoli |
| Wells Fargo | 4002154606 | Richard S. Piccoli / Piccoli Family Trust |

**IT IS FURTHER ORDERED** that each Defendant shall file with this Court and serve upon the Commission, on or before February 15, 2009, or within such extension of time as the Commission otherwise agrees, a verified written accounting, signed by the Defendant under penalty of perjury, of:

(1) all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, and also including but not limited to any account not listed above, any automobiles, boats, jewelry, and safe deposit boxes, describing each asset and liability, its current location and amount;

(2) all money, property, assets and income received, directly or indirectly, by the Defendant or for his/its direct or indirect benefit, at any time from January 1, 1998 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed, including but not limited to all gifts, fees, transfers and honoraria;

(3) the names and last known addresses of all bailees, debtors and other persons and entities that are currently holding the assets, funds or property of the Defendant;

(4) all assets, funds, securities, and real or personal property received, directly or indirectly, by the Defendant, or any other person controlled by him/it, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Gen-See Capital Corporation a/k/a Gen Unlimited and Affiliated Entities securities from January 1, 1998, to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property; and

6

> (5) all persons or entities that received transfers or gifts from any Defendant or Affiliated Entities, including but not limited to all transfers from Piccoli to his children.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors, and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to the Defendants' finances or business operations, or the offer, purchase or sale of the Gen-See Capital Corporation a/k/a Gen Unlimited and Affiliated Entities securities and the use of proceeds therefrom.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets of Defendants.

**IT IS FURTHER ORDERED** that upon entry of this Order, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), Plaintiff may seek discovery from third-parties regarding assets of Defendants.

**IT IS FURTHER ORDERED** that the Commission shall serve a copy of this Consent Order upon the Defendants within two (2) business days after entry of this Order by the Court,

by personal delivery, facsimile, overnight courier, or first class mail.

**IT IS FURTHER ORDERED** that this Consent Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

Dated: January 22, 2009
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge